Nivsir, J.
 

 We concur with.-his Honor, that the plaintiff' was not entitled to a verdict. There was a variance between the contract proved by the witness and that declared on.. The contract declared on was, that the defendant sold to the plaintiff a tract of land, as containing; two hundred acres at $.10’per acre, and it was agreed, if, , upon survey, it should turn out, that the tract did not con-tain two hundred acres, the defendant should refund whatever the difference might amount to, at the rate of which the plaintiff was to pay for the whole, and the conveys, anee was made. The contract proved was as follows the defendant had conveyed the land- in trust, and the trustee testified, that the parties came to him and stated* that the-defendant had sold the tract to the plaintiff as: containing two hundred acres, at the price of $2000. Before the deed was made, a survey was had,.and it was as- - certained to contain two. hundred, and twelve acres, whereupon the witness refused to execute the deed unless the plaintiff would agree to pay more than two thousand, dollars ; whereupon it was agreed between the plaintiff and. the defendant that the former should-pay for the land $2100 — and the conveyance was made. These contracts are essentially different. One is for the sale of a tract of. land, containing two hundred acres at the price of $2000 the other for the sale of a tract of land containing two hundred and twelve acres for the sum of $2100 ; nor was. there in the latter contract any agreement on the part of the defendant to refund any part of the price, upon the contingency that the tract should, not contain two hun»dred and twelve acres. If the contract declai’ed on. ever
 
 *276
 
 was made, it was certainly rescinded by the parties, and a new one made, different from it. The plaintiff further alleged, that, after the conveyance was made for the land,, ho ascertained by the survey that the tract did not contain two hundred and twelve acres, but only one hundred and eighty six and one quarter acres, which he communicated to the defendant, who promised, if he would get the land surveyed by a particular surveyor, and it should be ascertained, that the quantity of land was less than what he sold it for, he would pay him in land or money and give him the twelve acres, if that would satisfy him. If this was a valid contract, as founded on a sufficient consideration, it differed from both the others and certainly did not support the declaration.
 

 A question, however, has been made, as to the admissibility of the evidence offered by the plaintiff to show that the land was different in quantity. The surveyor selected to make the survey is dead, and a plot of the land, alleged to have been made by him, was offered in evidence and rejected by the Court, and we think very properly. It had no feature of a paper, entitled to be regarded as evidence. It could not assume a higher character, than that of an award, which in fact and substance it was. But to make it available as such, it must be signed by the surveyor and made known to the parties. Until delivered, an award by the arbitrator, may be altered. It is the delivery, which makes it final as
 
 to
 
 him. There is nothing to show, that the surveyor considered the plot as finished. We give an opinion on this point, as it is made in the case, and it
 
 may facilitate
 
 a future trial. Judgment affirmed.
 

 Per
 
 Curiam
 

 Judgment affirmed#